**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-10598
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LAWRENCE DANIEL GARZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(3:93-CR-312-G)

March 31, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Lawrence Daniel Garza of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Garza to 78 months of imprisonment on the possession count and 60 months of imprisonment on the firearm count, to be served consecutively. It also imposed a three-year term of supervised release. Garza then filed a motion under 28 U.S.C. § 2255, alleging that there was insufficient evidence to support his § 924(c)(1) conviction in the wake of the Supreme Court's decision in *Bailey v. United States.*[2] Determining that Garza's conviction could not be sustained for "use" of a firearm and that it was

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]      516 U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995).

impossible to determine whether the jury had found him guilty of "using" or "carrying" a firearm, the district court ordered that Garza's conviction on the firearm count be vacated and that he be retried under the "carry" prong of § 924(c)(1). Instead of retrying Garza on the firearm count, the Government dismissed that count, and the district court resentenced Garza on the possession count. At resentencing, the district court applied the two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the commission of a drug offense, and sentenced Garza to 109 months of imprisonment, with credit for time served. Garza timely filed this appeal. We affirm.

Garza argues that the district court lacked jurisdiction to order resentencing. We have previously held that § 2255 provides authority for the district court to resentence a defendant and apply the enhancement under § 2D1.1(b)(1) when the defendant's conviction under § 924(c) is vacated.[3] Garza's contentions on this point are therefore without merit.

Garza also argues that the district court's resentencing violated his double jeopardy and due process rights. His assertions in this vein are based on his theory that he had a legitimate expectation of finality in his sentence. "When a defendant challenges one of interdependent convictions, . . . he has no expectation of finality in his original sentence, having put at issue the validity of the entire sentence."[4] In the instant case, Garza's § 2255 motion challenging his § 924(c) conviction placed the validity of his interdependent drug conviction at issue and negates his argument that he had an expectation of finality in his original sentence.[5] Therefore, the district court did not violate Garza's double jeopardy or due process rights when it resentenced him.

AFFIRMED.

---

[3] *United States v. Benbrook*, 119 F.3d 338, 339-40 (5th Cir. 1997); *United States v. Hernandez*, 116 F.3d 725, 727-28 (5th Cir. 1997); *United States v. Rodriguez*, 114 F.3d 46, 47-48 (5th Cir. 1997).

[4] *Benbrook*, 119 F.3d at 340.

[5] *See id.*; *Rodriguez*, 114 F.3d at 48.